This case is strikingly similar to Ex parte Johnson,669 So.2d 205 (Ala. 1995). In that case, Justice Butts and I joined Justice Houston's dissent, which stated that "an assistant district attorney cannot, by inadvertence, undermine the legislature's authority to establish sentencing ranges." 669 So.2d at 207. As in Johnson, the majority in this *Page 1049 
case overlooks the mandatory aspect of the sentence enhancement statutes as established by the legislature.[1] I also point out that the defendant was not sentenced to a term in excess of what she agreed to in the plea agreement, seven years. So how was she prejudiced by the failure to "mention" the enhancement in the plea negotiations? I do not believe that she was prejudiced. Based on the foregoing, I must respectfully dissent.
[1] The particular sentence-enhancement statute applicable here states:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
§ 13A-12-250, Ala. Code 1975 (emphasis added).